# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN EDWARD GRIFFITH IV,        )
                                        )
                      Plaintiff,    )
                                        )
                  v.           )         1:25CV659
                                        )
UBER TECHNOLOGIES, INC        )
                                        )
                    Defendant.    )

## MEMORANDUM OPINION, ORDER, AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). The Court will grant the instant Application for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## LEGAL STANDARDS

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). However, that statute also provides, inter alia, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). A plaintiff "fails to

state a claim on which relief may be granted," id., when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

BACKGROUND

In this case, Plaintiff purports to bring a "civil rights action alleging gender-based discrimination" (Docket Entry 1 at 1)

---

[1] Although "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations, italics, and internal quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (italics omitted) (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

2

against Uber Technologies, Inc. ("Uber") (see id.).  Plaintiff identified "Federal Question" as the source of this Court's jurisdiction (Docket Entry 3 at 1), but did not specify whether he pursues claims against federal officers under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics or against state actors under 42 U.S.C. § 1983 (Docket Entry 2 (the "Complaint") at 3-4). However, liberally construed, the Complaint broadly alleges a civil rights claim.  (See id. at 1-8.)  The Complaint identifies Plaintiff as a male "drive[r] for Uber" (id. at 4) and states that, "[o]n July 23, 2025, [Uber] publicly announced a new rider preference feature that allows female-identifying passengers to request not to be matched with male drivers" (id. at 5).  According to the Complaint, Uber's new policy "exclude[s Plaintiff] from earning income based solely on [his] sex."  (Id.)  The Complaint further alleges that the policy "punishes male drivers collectively, branding [male drivers] as threats without cause, without process, and without recourse."  (Id.)

Per the Complaint, Plaintiff "ha[s] experienced emotional distress and reputational harm as a result of being classified as unsafe or untrustworthy solely based on [his] gender."  (Id.)  As a result, the Complaint seeks "250,000" in damages (id. at 6), as well as injunctive relief, inter alia, prohibiting the launch of Uber's "rider preference feature" and "order[ing] Uber to revise" its new driver procedures.  (Id. at 6-7.)  "Plaintiff [does] not

3

seek[] damages due to a specific termination or employment action, but rather for structural harm caused by algorithmic exclusion based on gender, which constitutes a form of civil rights violation and reputational injury under federal question jurisdiction." (Id. at 6 (bold font omitted).)

DISCUSSION

As an initial matter, the Complaint fails to state a claim under Section 1983 or Bivens. The Complaint names Uber, a private entity, as the sole defendant. (See Docket Entry 2 at 2.) For liability to attach under Section 1983, the defendant must engage in "conduct supported by state action." Adickes v. S. H. Kress & Co., 398 U.S. 144, 163 (1970). In other words, "[Section 1983] does not reach purely private conduct." District of Columbia v. Carter, 409 U.S. 418, 425 (1973). Here, the Complaint lacks any allegations linking Uber's conduct to any state action. (See Docket Entry 1-12.) Because the Complaint challenges purely private conduct, it fails to state a viable Section 1983 claim.

For its part, Bivens permits certain claims against federal officials for violations of constitutional rights. See Bivens, 403 U.S. at 395-96. Bivens does not create "a right of action for damages against private entities acting under color of federal law." Gantt v. Sec., USA, 356 F.3d 547, 552 (4th Cir. 2004) (emphasis and internal quotation marks omitted). Because Uber does

not qualify as a federal officer, the Complaint also fails to assert a viable <u>Bivens</u> claim.

As a final matter, the Complaint specifically states that "Plaintiff is not seeking damages due to a specific termination or employment action." (Docket Entry 2 at 6.) Even if the Court treated the Complaint as asserting an employment discrimination claim under Title VII of the Civil Rights Act of 1964, that claim would fail as a matter of law. To begin, the Complaint lacks any indication that Plaintiff filed a charge with the Equal Employment Opportunity Commission (the "EEOC"). (<u>See</u> Docket Entry 2 at 1-12.) However, "[b]efore a federal court [can] hear a plaintiff's claims of employment discrimination, the plaintiff must file a Charge of Discrimination with the EEOC and exhaust the administrative procedural requirements of 42 U.S.C. § 2000e-5(b) et seq." <u>Bockman v. T & B Concepts of Carrboro, LLC</u>, No. 1:19CV622, 2020 WL 5821169 at *7 (M.D.N.C. Sept. 30, 2020). Nor does the Complaint allege that Uber qualifies as Plaintiff's employer. (<u>See</u> Docket Entry 2 at 4-5.) Under these circumstances, Plaintiff could not maintain an action under Title VII against Uber.

<u>CONCLUSION</u>

The Complaint fails to state a viable claim, warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

5

**IT IS THEREFORE ORDERED** that the instant Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed under Section 1915(e)(2)(B)(ii) for failure to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 20, 2026

6